**SW EMPLOYMENT LAW GROUP, APC**
Jacob N. Whitehead, SBN 266123
reception@jnwpc.com
7700 Irvine Center Drive, Suite 930
Irvine, California 92618
Tel. (949) 674-4922
Attorneys for DUSTIN WATSON

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| DUSTIN WATSON,<br><br>            Plaintiff,<br>    v.<br><br>SACRAMENTO CITY UNIFIED SCHOOL DISTRICT; and DOES 1 through 50, inclusive,<br><br>            Defendants. | Case No.:<br><br>**COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR DEPRIVATION OF FIRST AMENDMENT RIGHTS**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff DUSTIN WATSON, ("Mr. Watson" or "Plaintiff") as individuals, hereby brings this Complaint ("Complaint") against Defendant SACRAMENTO CITY UNIFIED SCHOOL DISTRICT, ("the District" of "Defendant"), and DOES 1-25, Plaintiff hereby alleges as follows:

## INTRODUCTION

1. Plaintiff Mr. Watson, brings this civil rights action under 42 U.S.C. § 1983, to vindicate his First Amendment rights and hold the District accountable for depriving him of the same.

2. In an apparent attempt to sooth public perception, Defendants targeted and penalized Mr. Watson for nothing more than his legally protected speech and freedom to associate. As a result, he has suffered substantial damage.

3. Defendants have neither excuse nor immunity for violating Mr. Watson's rights.

4. The First Amendment protects an individuals' right to free speech and association regardless of the popularity of his viewpoint. Our freedom to speak and associate as to matters of public concern without fearing retaliation is critical to our democracy and secured by our highest law. The actions of the Defendants restrained Plaintiff's fundamental Constitutional rights.

5. Mr. Watson, therefore, brings this case under 42 U.S.C. § 1983, seeking declaratory and injunctive relief, as well as damages for his loss of pay and opportunity for extended contract work, a hostile work environment, and denial of employment benefits

## THE PARTIES

6. Plaintiff, Mr. Watson, is a resident of Sacramento County, California and at all relevant times worked for Defendant in Sacramento, California in the County of Sacramento. During the relevant times, he was employed by Defendant as a Teacher in New Technology High School located at 1400 Dickson Street, Sacramento, California from approximately August 12, 2019 to approximately May 2021.

7. Defendant Sacramento City Unified School District is a public school system headquartered at 5735 47th Avenue, Sacramento, California 95824.

## JURISDICTION AND VENUE

8. This case raises claims under the First and Fourteenth Amendments of the U.S. Constitution and unlawful employment practices under 42 U.S.C. § 1983. The Court has subject-matter jurisdiction over Mr. Watson's claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. 13. This Court has personal jurisdiction over the Defendants, who reside in, conduct business in and have minimum contact with this District.

9. Venue is proper because a substantial portion of the events giving rise to the claims occurred in the Eastern District of California. 28 U.S.C. 1391(b)(2).

## GENERAL ALLEGATIONS

10. The District employed Mr. Watson as a Physical Education Teacher and thought out of New Technology High School in Sacramento, California. Mr. Watson thought for grades 9th through 12th students. As a teacher, his job duties include teaching, conducting lessons, providing insights and exercises to students as well as other administrative tasks such as filing for a report and submission of students' files and grades. Mr. Watson is paid once a month, with a monthly salary of $3,450.

11. Mr. Watson is an independent libertarian who openly shares his political views during his personal time and on his private personal social media.

12. On January 5, 2021, while on vacation, Mr. Watson made a post on his Facebook page sharing that he was in Washington, D.C. at the same time the rally headed by President Trump in Washington, D.C. was taking place.

13. Mr. Watson described the events taking place as they were unfolding but he did not anticipate the events to take a violent turn. Mr. Watson left the area as disruption arose and did not enter the capital.

14. Nothing in Mr. Watsons's post mentioned the District, its school or his position.

COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR DEPRIVATION OF FIRST AMENDMENT RIGHTS

SW EMPLOYMENT LAW
GROUP
A PROFESSIONAL CORP

15. Following his attendance at the rally, Mr. Watson was labeled as a domestic terrorist despite never taking part in the trespass in the City Capital.

16. Mr. Watson proved his innocence when he was investigated by the FBI and was relieved of any suspicion of domestic terrorism.

17. Despite Mr. Watson's innocence, the District mailed Mr. Watson a letter of non re-elect for the following school year and placed him on paid administrative leave until the end of the school year in June 2021.

18. Due to Mr. Watson's political views, the District terminated his employment.

19. As a result of his termination, Mr. Watson has been financially damaged, lost opportunities and has sustained considerable career damage. For instance, Mr. Watson was in the process of completing his teaching credential and due to this administrative leave, Mr. Watson was taken out of the class and had to miss his final two observations. This delay will prevent Mr. Watson from obtaining his credential, which will hinder him from getting a teaching job in the future.

20. Mr. Watson was also dismissed from his required credential classes despite only needed two more observations before receiving his teaching accreditation. The lack of credentials will negatively affect and significantly limit Mr. Watson's future prospective employment opportunities.

21. As a result of his termination, Mr. Watson suffers significant emotional distress, humiliation and embarrassment.

22. The Districts adverse employment actions have resulted in significant financial damages, and Mr. Watson will continue to suffer the effects of the Districts illegal actions.

23. The Districts conduct have had a chilling effect on Mr. Watson's speech.

24. The adverse actions taken by the District against Mr. Watson would deter a person of ordinary firmness from continuing to engage in protected conduct.

/ /

# CLAIM FOR RELIEF

**Violation of First Amendment rights to free speech and freedom of association, as applied to the states under the Fourteenth Amendment.**

**(Against All Defendants 42 U.S.C. § 1983)**

25. Plaintiff realleges and incorporates by reference all preceding paragraphs in this Complaint.

26. The First Amendment to the United States Constitution plainly articulates:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances.

27. Terminating a government employee for sharing his political affiliation and political viewpoint violates that employee's First Amendment rights to free speech and freedom of association unless the employee "affirmatively consents" to waive the rights. *Janus v. AFSCME*, 138 S. Ct. 2448, 2486 (2018). Such a waiver must be "freely given and shown by 'clear and compelling' evidence." *Id*.

28. The rights to free speech and freedom of association in the First Amendment have been incorporated to and made enforceable against the states through the Fourteenth Amendment guarantee of Due Process. Id. at 2463; *NAACP v. Alabama*, 357 U.S. 449 (1958); *Gitlow v. New York*, 268 U.S. 652 (1925).

29. Defendant deprived, and are continuing to deprive, Plaintiff of the rights secured to his by the United States Constitution.

30. 42 U.S.C. 1983 provides a cause of action for both damages and injunctive relief against any person who, under color of law of any state, subjects any person within the jurisdiction of the United States to a deprivation of any rights, privileges, or immunities secured by the Constitution.

31. By posting as a private citizen on his Facebook page, Mr. Watson was

engaged in Constitutionally protected speech under the United States Constitution.

32. Only narrowly defined categories of speech, like true threats or fighting words, are unprotected by the First Amendment, and neither false, confusing, misleading, critical, juvenile, insulting, nor offensive speech are among them.

33. All other speech, whether profound or profane, false or fictional, is fully protected.

34. Within the wide ambit of protected speech, Mr. Watsons's Facebook post and activities were restrained.

35. The topic of Mr. Watson's speech was a matter of public concern.

36. Mr. Watson's speech occurred off-campus and when school was not in session due to the holiday winter break.

37. Mr. Watson's constitutionally protected speech and political association did not itself disrupt the workplace and Defendants have no legitimate competing interest in prohibiting it for the Court to balance under *Pickering v. Bd. of Ed. of Twp. High Sch. Dist*. 205, Will Cty., Illinois, 391 U.S. 563, 568 (1968).

38. Mr. Watson did not cause any disruption in the actual workplace because he did not speak or act on his political affiliations in the workplace.

39. To the extent any balancing is required, Mr. Watson's interest as a citizen in commenting on the matter outweighed the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.

40. The State is not permitted to chill or censor speech in order to avoid public outcry.

41. Mr. Watson suffered adverse employment actions – administrative leave, loss of pay and opportunity for extended contract work, a hostile work environment, and denial of employment benefits– that would chill an ordinary person in the exercise of his constitutional rights.

42. Mr. Watson's speech was substantial or motivating factor in the adverse

5

COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR DEPRIVATION OF FIRST AMENDMENT RIGHTS

SW EMPLOYMENT LAW GROUP
A PROFESSIONAL CORP

employment actions he has suffered, including his administrative leave and the termination of his teaching position.

43. The actions of the District amounted to a custom, policy, or practice that was the moving force behind the violation of Mr. Watson's. It either voted on, approved, or ratified the actions that occurred in this case.

44. Mr. Watson's speech was chilled and he was also punished for it by Defendants due to its content, his viewpoint and political affiliation.

45. Freedom of speech and thought flows not from the beneficence of the state but from inalienable rights of the person. Society has the right and civic duty to engage in open, dynamic, rational discourse. These ends are not well served when the government seeks to orchestrated public discussion through content-based mandates. *United States v. Alvarez*, 567 U.S. 709, 727 (2012).

46. "If there is a bedrock principle underlying the First Amendment, it is that the government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable." *Snyder v. Phelps*, 562 U.S. 443, 458, 131 S.Ct. 1207, 179 L.Ed.2d 172 (2011) (citation and internal quotation marks omitted).

47. Applying such scrutiny to the facts alleged herein, Defendants violated Mr. Watson's Constitutional Right to Free Speech and Freedom to Associate.

48. Defendants' adverse actions injured Mr. Watson by restraining, preventing, and impairing his lawful speech and political association in a way likely to chill a person of ordinary firmness from propounding further lawful speech.

49. Mr. Watson suffered damages as a direct and proximate result of all of the acts alleged herein.

50. The unlawful conduct of Defendants harmed and caused damage to Mr. Watson in the form of lost income, career opportunities, reputational damage, supplemental income, extension pay, and other fringe benefits of employment, as well as emotional grief, stress, and humiliation.

/ /

# PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS FOR RELIEF AS FOLLOWS:

## ON THE FIRST THROUGH THIRTEENTH CAUSES OF ACTION

1. Declare that Defendants' acts and conduct constitute violations of the First, Amendment to the United States Constitution, as well as of 42 U.S.C. § 1983;
2. That Plaintiff be awarded back pay and all lost benefits of employment;
3. That Plaintiff be awarded damages to compensate Plaintiff for emotional grief, stress, humiliation, and career damage caused by Defendants' unlawful actions;
4. That the Court issue an injunction requiring Defendants to re-employ Plaintiff at an equivalent job with all employment rights and benefits to which he would have been entitled but for the adverse actions undertaken against him, and without harassment or illegal condition imposed on her job, or, in the alternative, front pay and benefits in lieu of reinstatement;
5. That Plaintiff be awarded pre and post judgment interest;
6. That Plaintiff be awarded attorney fees and costs, litigation expenses, and such other and further relief as the Court deems proper; and

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby respectfully requests a jury trial on all causes of action and claims with respect to which he has a state and/or federal constitutional right to a jury trial.

Respectfully submitted,

Dated: April 15, 2022         **SW EMPLOYMENT LAW GROUP, APC**

By: _/s/ Jacob Whitehead_

Jacob N. Whitehead, Esq.
Attorney for Plaintiff Dustin Watson

7

COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR DEPRIVATION OF FIRST AMENDMENT RIGHTS

SW EMPLOYMENT LAW GROUP
A PROFESSIONAL CORP