Law Offices of
**MATHENY SEARS LINKERT & JAIME, LLP**
RICHARD S. LINKERT, ESQ. (SBN 88756)
MADISON M. SIMMONS, ESQ. (SBN 292185)
3638 American River Drive
Sacramento, California 95864
Telephone: (916) 978-3434
Facsimile: (916) 978-3430
E-mail: rlinkert@mathenysears.com
msimmons@mathenysears.com

***Exempt from filing fees per Gov. Code § 6103***

Attorneys for Defendant, SACRAMENTO CITY UNIFIED SCHOOL DISTRICT

UNITED STATED DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

DUSTIN WATSON,

Plaintiff,

v.

SACRAMENTO CITY UNIFIED SCHOOL DISTRICT; and DOES 1 through 50, inclusive,

Defendants.

Case No. 2:22-cv-00679-KJM-AC

**DECLARATION OF MADISON M. SIMMONS IN SUPPORT OF DEFENDANT SACRAMENTO CITY UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [FRCP 12(b)(6)]**

*(Filed concurrently with Notice of Motion to Dismiss, Memorandum of Points and Authorities in Support Thereof and [Proposed] Order)*

Hearing Date: September 9, 2022
Time: 10:00 a.m.
Location: Courtroom 3
Judge: Hon. Kimberly J. Mueller

Complaint Filed: April 18, 2022

I, MADISON M. SIMMONS, declare as follows:

1. I am an attorney at law, duly licensed to practice before all courts of the State of California and before the District Court of the Eastern District of California. I am an associate with the law firm of Matheny, Sears, Linkert & Jaime, LLP attorneys of record for Defendant, SACRAMENTO CITY UNIFIED SCHOOL DISTRICT As such, I have personal knowledge of the facts set forth

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

herein. I am over the age of 18 years, and if called as a witness, could and would testify competently to the following:

2. On July 14, 2022, my office sent a meet and confer letter addressed to Plaintiff's counsel, Jacob N. Whitehead, Esq. The letter requested dismissal of the Complaint. The claim alleged against the School District in Plaintiff's Complaint is based on alleged violations of 42 U.S.C. section 1983. Defendant's July 14, 2022, meet and confer letter requested that all claims be dismissed as the Ninth Circuit has held such claims against a California School District are bared by Eleventh Amendment sovereign immunity under Belanger v. Madera Unified School Dist., 963 F.2d 248 (1992). I requested that after Plaintiff counsel had an opportunity to review the legal authority provided in the letter, he contact our office to discuss his responsive position by July 22, 2022. A true and correct copy of the letter sent by my office is attached hereto as **Exhibit A**.

3. Plaintiff counsel did not reply to the meet and confer letter or otherwise inform defense counsel of their response by July 22, 2022. On July 26, 2022, defense counsel sent an email stating that we never received a response to our meet and confer letter and given the deadline of August 2, 2022, we would have to move forward in filing a Motion to Dismiss. A true and correct copy of this email is attached hereto as **Exhibit B**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge, and if called to do so, could and would competently testify to the matters set forth herein.

Executed under penalty of perjury on August 2, 2022, in Sacramento, California.

*/s/ Madison M. Simmons*
MADISON M. SIMMONS, ESQ.

# EXHIBIT A

Matheny Sears Linkert Jaime LLP
TRIAL ATTORNEYS

Richard S. Linkert
Matthew C. Jaime
Jack A. Klauschie Jr.
Jeffrey E. Levine
Robert W. Sweetin
Nicholas R. Shepard

Madison M. Simmons
Jason R. Douglas

Of Counsel:
Douglas A. Sears
Ronald E. Enabnit
Raymond Bangle III
Joseph B. Muller *

Henry G. Matheny
(1933-1984)

* Also admitted in Nebraska

rlinkert@mathenysears.com
msimmons@mathenysears.com

July 14, 2022

***Via Email and U.S. Mail***

Jacob N. Whitehead, Esq.
SW EMPLOYMENT LAW GROUP, APC
7700 Irvine Center Drive, Suite 930
Irvine, CA 92618
reception@jnwpc.com

**RE:** ***Watson v. Sacramento City Unified School District***
United States District Court, Eastern District
Case No. 2:22-cv-00679-KJM-AC

Dear Mr. Whitehead:

The purpose of this letter is to meet and confer regarding the Complaint filed on behalf of Mr. Watson. The Complaint contains one cause of action for an alleged violation of Mr. Watson's First Amendment rights to free speech and freedom of association under 42 U.S.C. section 1983. However, under Ninth Circuit precedent California school districts have immunity under the Eleventh Amendment for section 1983 claims.

States have eleventh amendment immunity in federal court and are not subject to a Section 1983 claim. The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." In most jurisdictions around the country, immunity is generally denied to local governments as they are not deemed "one of the United States." However, the Ninth Circuit Court of Appeals held in Belanger v. Madera Unified School Dist., 963 F.2d 248 (1992), that a California school district is a unique situation and is an arm of the State for purposes of the Eleventh Amendment.

In Belanger, a school principal was removed from her position and reassigned to a classroom teaching position. She sued under section 1983, alleging gender discrimination and retaliation against the Madera Unified School District. The Ninth Circuit granted the district's summary judgement motion and held that the district was immune to suit under the Eleventh Amendment. The court applied a multi-factored balancing test summarized in Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1988), cert. denied, 490 U.S. 1081 (1989). The court noted that unlike school districts in most states, California districts are funded primarily by the State. Therefore, a judgment against the school district would be paid using State funds. The State also exercises substantial control over school affairs and maintains beneficial ownership of school district property. It further relied on the fact the California Supreme Court has described school districts as "agencies of the state for the local operation of the State school system." Belanger, 963 F.2d at p. 254, quoting Hall v. City of Taft, 47 Cal. 2d 177, 179 (1956). Belanger therefore held that a California school district is an arm of the State and therefore has Eleventh Amendment immunity for section 1983 claims.

The Ninth Circuit has recognized California has not waived its Eleventh Amendment immunity for such claims: "In the absence of a waiver by the state or a valid congressional override, under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court. The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity[.]" Brown v. Cal.Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009).

The Ninth Circuit has recognized the Belanger holding multiple times, including in the following instances:

- Corales v. Bennet, 567 F.3d 554 (9th Cir. 2009) – Students alleged civil rights violations against a school district and school officials under federal and state laws arising out of discipline for a school absence during an immigration law protest: "The district court correctly determined that school districts in California are immune from § 1983 claims by virtue of Eleventh Amendment immunity. Belanger v. Madera Unified Sch. Dist., 963 F.2d 248, 254 (9th Cir. 1992).

- Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1121 (2007) – A case which considered whether California school districts are subject to *qui tam* liability under the False Claims Act: "Although we have not yet considered this issue in the context of the Act, we previously determined that a California school district and county office of education were state agencies for purposes of Eleventh Amendment sovereign immunity." Belanger v. Madera Unified Sch. Dist., 963 F.2d 248, 254 (9th Cir. 1992); Eaglesmith v. Ward, 73 F.3d 857, 860 (9th Cir. 1996).

- Holz v. Nenana City Pub. Sch. Dist., 347 F.3d 1176 (2003) – The Ninth Circuit determined Alaskan school districts are not state agencies, as in California, but more akin to a local county or agency as Alaska is not legally required to satisfy any judgment against a school district.

Most recently, in Davis v. Folsom Cordova Unified Sch. Dist., No. CIV S-11-1242 KJM DAD PS, 2013 U.S. Dist. LEXIS 9225 (E.D. Cal. Jan. 22, 2013), the United States District Court for the Eastern District of California held under Belanger, a school district and its board members had sovereign immunity for a section 1983 claim. This ruling was upheld in an unpublished opinion by the Ninth Circuit in January 2017.[1] In Davis, a parent alleged the Folsom Cordova School District and officials discriminated and retaliated against him after he complained that a district policy holding cheerleaders to a higher academic standard than football players was discriminatory. The district filed a 12(b)(6) motion to dismiss. The court ruled under Belanger, the Folsom school district was a state agency for purposes of the Eleventh Amendment and was immune from suit. Furthermore, the school board members were state officials and were immune from section 1983 claims.

The Sacramento City Unified School District is immune from this section 1983 lawsuit. We request that you contact us to discuss after you have had an opportunity to review the above. Our deadline for a Motion to Dismiss pursuant to Federal Rule 12(b)(6) is August 2, 2022. We therefore request that you notify us of your responsive position by July 22, 2022.

Sincerely,

MATHENY SEARS LINKERT & JAIME LLP

MADISON M. SIMMONS

RSL/mms/ng

[1] District Court citations: Davis v. Folsom Cordova Unified Sch. Dist., 2013 U.S. Dist. LEXIS 9225, at *2 (E.D. Cal. Jan. 22, 2013) & Davis v. Folsom Cordova Unified Sch. Dist., 2013 U.S. Dist. LEXIS 47155, at *1 (E.D. Cal. Mar. 30, 2013)
Ninth Circuit citation: Davis v. Folsom Cordova Unified Sch. Dist., 674 F. App'x 699, 701 (9th Cir. 2017)

# EXHIBIT B

**Nicole Gilzean**

**From:** Nicole Gilzean
**Sent:** Tuesday, July 26, 2022 1:04 PM
**To:** jacob@swemploymentlaw.com; reception@jnwpc.com
**Cc:** Madison M. Simmons; Nicole Gilzean
**Subject:** FW: Watson v. Sacramento City Unified School District
**Attachments:** 2022.7.14 Meet Confer Ltr re 12b6.pdf

Good afternoon,

This follows the above July 14, 2022, meet and confer email and letter regarding this case. In that letter we requested that your office notify us of your response to the legal authority provided in that letter by July 22, 2022, so we could engage in further discussions prior to the filing of a Motion to Dismiss. We have not received any response, so we will have to move forward with the drafting of the motion given our filing deadline of August 2, 2022.

Thank you kindly,

**Nicole Gilzean**
Legal Assistant
Direct: (916) 779-3034

T (916)978-3434
F (916)978-3430

---

**From:** Shelley Shelton <sshelton@mathenysears.com>
**Sent:** Thursday, July 14, 2022 12:13 PM
**To:** reception@jnwpc.com
**Cc:** Rick Linkert <rlinkert@mathenysears.com>; Madison M. Simmons <msimmons@mathenysears.com>; Nicole Gilzean <ngilzean@mathenysears.com>
**Subject:** Watson v. Sacramento City Unified School District

Mr. Whitehead –

Attached please find correspondence from Ms. Simmons regarding the above-referenced matter.

Thank you,

Shelley

***Shelley Shelton***

Matheny Sears
Linkert Jaime LLP
TRIAL ATTORNEYS

3638 American River Drive
Sacramento, CA 95864-5901

T (916)978-3434
F (916)978-3430

www.mathenysears.com