Law Offices of
**MATHENY SEARS LINKERT & JAIME, LLP**
RICHARD S. LINKERT, ESQ. (SBN 88756)
MADISON M. SIMMONS, ESQ. (SBN 292185)
3638 American River Drive
Sacramento, California 95864
Telephone: (916) 978-3434
Facsimile: (916) 978-3430
E-mail: rlinkert@matheny sears.com
msimmons@matheny sears.com

*Exempt from filing fees per Gov. Code § 6103*

Attorneys for Defendant, SACRAMENTO CITY UNIFIED SCHOOL DISTRICT

UNITED STATED DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DUSTIN WATSON,<br><br>          Plaintiff,<br><br>     v.<br><br>SACRAMENTO CITY UNIFIED SCHOOL DISTRICT; and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No. 2:22-cv-00679-KJM-AC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SACRAMENTO CITY UNIFIED SCHOOL DISTRICT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [FRCP 12(b)(6)]**<br><br>Hearing Date: September 9, 2022<br>Time:          10:00 a.m.<br>Location:    Courtroom 3<br>Judge:         Hon. Kimberly J. Mueller<br><br>Complaint Filed: April 18, 2022 |

0

## I. INTRODUCTION

Plaintiff filed a Complaint alleging he was wrongfully terminated from his teaching position by the Sacramento City Unified School District due to his presence at the January 6th Capitol riot. The Complaint contains one cause of action for an alleged violation of Mr. Watson's First Amendment rights to free speech and freedom of association under 42 U.S.C. section 1983. However, under Ninth Circuit precedent California school districts have immunity under the Eleventh Amendment for section 1983 claims. Therefore, the Complaint should be dismissed. As the claim is barred by the Eleventh Amendment, it is not capable of cure and Defendant requests it be dismissed with prejudice.

## II. PLAINTIFF'S COMPLAINT & PROCEDURAL HISTORY

### A. Facts as Alleged

Plaintiff alleges he started working as a physical education teacher at New Technology High School in 2019. Complaint at ¶¶ 6-8. While on vacation on January 5, 2021, he posted on Facebook he was at the rally in Washington D.C. He alleges he described the events on Facebook as they unfolded but did not enter the Capital building. Id. at ¶ 12-13. Plaintiff alleges following his attendance at the rally, he was labeled as a domestic terrorist and he proved his innocence during an FBI investigation. Id. at ¶ 15-16. He also alleges following his attendance at the rally, the District placed him on administrative leave and ultimately sent him a non-re-elect letter in June 2021 for the next school year. Id. at ¶ 17.

Thereafter, Plaintiff brought suit by filing a Complaint on April 18, 2022, against the Sacramento City Unified School District. The Complaint contains one cause of action for an alleged violation of Mr. Watson's First Amendment rights to free speech and freedom of association under 42 U.S.C. section 1983.

### B. Standard on a Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's failure to state a claim upon which relief can be granted. A Rule 12(b)(6) dismissal may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. McLain v. Real Estate Bd., 444 U.S. 232, 246 (1980). A motion to

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

dismiss accepts as true the allegations in the complaint and asserts that those facts do not give rise to an actionable claim. Lujan v. National Wildlife Federation, 497 U.S. 871 (1990). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. Associates Gen. Contrs. Of Am. v. Metropolitan Water Dist., 159 F.3d 1178, 1181 (9th Cir. 1998); Sprewell v. Golden State Warriors, 266 F. 3d 979, 988 (9th Cir. 2001). It is not "proper to assume that [a plaintiff] can prove facts that it has not alleged or that the defendants have violated [laws] in ways in ways that have not been alleged." Associated General California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). If a district court "determines that the pleading could not possibly be cured by the allegation of other facts" a district court may deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)); see also Gardner v. Marino, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile).

### III. LEGAL ARGUMENT

**A. Section 1983 and the Eleventh Amendment.**

42 U.S.C. § 1983 provides a cause of action for the deprivation of "rights, privileges, or immunities secured by the Constitution or the laws of the United States" against a person acting "under color of any statute, ordinance, regulation, custom, or usage." Gomez v. Toledo, 446 U.S. 635, 639 (1980); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-691 (1978); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992).

Title 42 U.S.C. § 1983 provides in part:

> Every person who under color of [state law] … subjects, or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

Generally, local governmental bodies such as cities and counties are considered "persons" subject to suit under section 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-691 (1978). However, States and their instrumentalities are not considered "persons" as they have immunity

2

from suit under the Eleventh Amendment. Will v. Mich. Dep't of State Police, 491 U.S. 58, 68-69 (1989).

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Eleventh Amendment bars suits against a state in federal court unless the state has unequivocally and affirmatively waived its immunity or Congress abrogates that immunity. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). For a government to validly waive its sovereign immunity, it must be "unequivocally expressed in the statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996). The Ninth Circuit specifically recognized that: "[i]n the absence of a waiver by the state or a valid congressional override, under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court. The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that section 1983 was not intended to abrogate a State's Eleventh Amendment immunity." Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009).

**B. The Sole Claim brought under Section 1983 Against the School District Should be Dismissed as it is barred under the Eleventh Amendment.**

The Ninth Circuit Court of Appeals held in Belanger v. Madera Unified Sch. Dist., 963 F.2d 248 (9th Cir. 1992), that a California school district is a state agency for purposes of the Eleventh Amendment. In Belanger, a principal was removed from her position and reassigned to a classroom teaching position. She sued the Madera Unified School District under section 1983, alleging gender discrimination and retaliation. The Ninth Circuit granted the school district's summary judgement motion holding that the district was immune from suit under the Eleventh Amendment. In so doing, the court applied a multi-factored balancing test summarized in Mitchell v. L.A. Cmty. Coll. Dist., 861 F.2d 198, 201 (9th Cir. 1988), *cert. denied,* 490 U.S. 1081 (1989). Belanger's holding rested on a number of significant facts, including that unlike school districts in most states, California

3

school districts are funded primarily by the State. Therefore, a judgment against the school district would be paid with state funds. The State also exercises substantial control over school affairs and maintains beneficial ownership of school district property. Furthermore, the California Supreme Court previously described school districts as "agencies of the state for the local operation of the state school system." Belanger, 963 F.2d at 254, quoting Hall v. City of Taft, 47 Cal. 2d 177, 179 (Cal. 1956). Therefore, under Belanger, a California school district is an arm of the State and has Eleventh Amendment immunity for section 1983 claims.

The Ninth Circuit has reaffirmed Belanger repeatedly. For instance:

- Corales v. Bennet, 567 F.3d 554 (9th Cir. 2009) – holding when students alleged civil rights violations against a school district and school officials under federal and state laws arising out of discipline for a school absence during an immigration law protest: "The district court correctly determined that school districts in California are immune from § 1983 claims by virtue of Eleventh Amendment immunity." Belanger v. Madera Unified Sch. Dist., 963 F.2d 248, 254 (9th Cir. 1992).

- Stoner v. Santa Clara Cty Office of Educ., 502 F.3d 1116, 1121 (9th Cir. 2007) – considering whether California school districts are subject to *qui tam* liability under the False Claims Act: "Although we have not yet considered this issue in the context of the FCA, we previously determined that a California school district and county office of education were state agencies for purposes of Eleventh Amendment sovereign immunity." Belanger v. Madera Unified Sch. Dist., 963 F.2d 248, 254 (9th Cir. 1992); Eaglesmith v. Ward, 73 F.3d 857, 860 (9th Cir. 1996).

- Eaglesmith v. Ward, 73 F.3d 857, 860 (9th Cir. 1995) – holding Eleventh Amendment immunity extends to a California county office of education.

- Sato v. Orange Cty. Dep't of Educ., 861 F.3d 923, 926 (9th Cir. 2017) – holding a California county office of education remained an arm of the state and had Eleventh Amendment immunity from suit following enactment of Assemb. 97 (Cal. 2013), which reformed education funding and governance but did not eliminate California's centralized system of

strict state control over local districts' funding and did not change California's treatment of public schooling as a statewide or central governmental function.

- <u>Mitchell v. L.A. Cmty. Coll. Dist.</u>, 861 F.2d 198, 201 (9th Cir. 1988); <u>Cerrato v. S.F. Cmty. Coll. Dist.</u>, 26 F.3d 968, 970 (9th Cir. 1994); and <u>Stones v. L.A. Cmty. Coll. Dist.</u>, 572 F. Supp. 1072, 1075 (C.D. Cal. 1983) – all holding California community college districts have Eleventh Amendment immunity.

- <u>Holz v. Nenana City Pub. Sch. Dist.</u>, 347 F.3d 1176 (9th Cir. 2003) – holding Alaskan school districts are not state agencies, as in California, but more akin to a local county or agency because the State of Alaska is not legally required to satisfy any judgment against a school district.

- <u>Eason v. Clark Cty. Sch. Dist.</u>, 303 F.3d 1137, 1142 (9th Cir. 2002) – distinguishing <u>Belanger</u> as Nevada did not share "the unique structure of the California school system."

More recently, the United States District Court for the Eastern District of California specifically held that pursuant to <u>Belanger</u>, a school district and its board members have sovereign immunity for section 1983 claims. This ruling was upheld as persuasive authority in an unpublished opinion by the Ninth Circuit in January 2017. <u>Davis v. Folsom Cordova Unified Sch. Dist.</u>, 674 F. App'x 699, 701 (9th Cir. 2017).[1] In <u>Davis</u>, a parent alleged the Folsom Cordova School District and school officials discriminated and retaliated against him and his daughter after he complained that a district policy holding cheerleaders to a higher academic standard than football players was discriminatory. The school district filed a 12(b)(6) motion to dismiss. The district court ruled under <u>Belanger</u> that as the Folsom School District was a state agency for purposes of the Eleventh Amendment, it was immune from suit.

Here, Plaintiff alleges the Sacramento City Unified School District violated his First Amendment rights under Section 1983. Under <u>Belanger</u> and its progeny, a California school district is an arm of the State of California and therefore immune from section 1983 claims under the

---

[1] Ninth Circuit Federal Court of Appeals Rule 36-3(b) states: "[u]npublished dispositions and orders of this Court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with Fed. R. App. P. 32.1."

Eleventh Amendment. As this claim is incapable of being cured, the Complaint should be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, based upon the Complaint and the authorities cited herein, the Sacramento City Unified School District requests the Court grant this Rule 12(b)(6) motion to dismiss the action. Additionally, because Eleventh Amendment immunity applies and Plaintiff therefore cannot amend his Complaint to allege any facts which would entitle him to relief, Defendant requests this Motion be granted without leave to amend.

Dated: August 2, 2022                      **MATHENY SEARS LINKERT & JAIME, LLP**

By: */s/ Madison M. Simmons*
　　RICHARD S. LINKERT, ESQ.
　　MADISON M. SIMMONS, ESQ.
　　Attorneys for Defendant, SACRAMENTO CITY UNIFIED SCHOOL DISTRICT