UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Dustin Watson,

    Plaintiff,

    v.

Sacramento City Unified School District, et al.,

    Defendants.

No. 2:22-cv-00679-KJM-AC

ORDER

The Sacramento City Unified School District fired Dustin Watson soon after he posted on Facebook that he was in Washington, D.C. on the day a violent mob stormed the U.S. Capitol. *See* First Am. Compl. ¶¶ 15–16, 20–23, ECF No. 11.  He alleges the school district deprived him of his First Amendment rights to freedom of speech and association, and he brings claims under 42 U.S.C. § 1983 and California law. *See id.* ¶¶ 32–57 (First Amendment); *id.* ¶¶ 58–71 (California Labor Code §§ 1101, 1102, 1106).  The school district moves to dismiss.  ECF No. 15. Its motion is fully briefed and the court submitted it without oral argument. *See generally* Opp'n, ECF No. 17; Reply, ECF No. 19; Min. Order, ECF No. 18.

"Under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988).  California school districts are "state agencies" for purposes of the Eleventh Amendment. *See generally Belanger v. Madera Unified Sch. Dist.*,

1

1  963 F.2d 248 (9th Cir. 1992).  California has not consented to suit under § 1983, and Congress did
2  not abrogate the Eleventh Amendment by passing § 1983, so this court may not hear Watson's
3  federal claim.  *See Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009).  Amendments to
4  the complaint would not ground this court's jurisdiction, so the § 1983 claim is dismissed without
5  leave to amend.

6        The Eleventh Amendment also prevents this court from adjudicating Watson's state law
7  claim unless Congress abrogated California's immunity or the state has consented to suit.  *See*
8  *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1133–34 (9th Cir. 2006).  Congress did not
9  abrogate the Eleventh Amendment by giving federal courts supplemental jurisdiction over state
10 law claims.  *See id.*  Watson offers no reason to conclude that Congress has otherwise abrogated
11 the Eleventh Amendment or that California has consented to this suit.  In any event, the court
12 would decline to exercise supplemental jurisdiction over any potentially viable state claim
13 Watson might assert.  This case is still in its early stages. *See Carnegie-Mellon Univ. v. Cohill*,
14 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated
15 before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—
16 judicial economy, convenience, fairness, and comity—will point toward declining to exercise
17 jurisdiction over the remaining state-law claims."); *Pennhurst State Sch. & Hosp. v. Halderman*,
18 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than
19 when a federal court instructs state officials on how to conform their conduct to state law.").  The
20 state law claim is dismissed without leave to amend.

21       The motion to dismiss (ECF No. 18) is **granted without leave to amend** and this case is
22 **closed**.

23       IT IS SO ORDERED.
24 DATED:  October 11, 2022.

CHIEF UNITED STATES DISTRICT JUDGE